## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue NW<br>Washington, DC 20230<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520<br><br>*and*<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>*Defendants*. | Case No. 19-1301 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of Commerce, the U.S. Department of State, and the U.S. Department of the Treasury under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of Commerce (Commerce) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Commerce has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant the U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal

government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

8.      Defendant the U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

9.      On November 19, 2018, American Oversight submitted FOIA requests to Commerce, State, and Treasury seeking records of their communications, if any, with and about Sheldon Adelson, a prominent supporter of the president, in an effort to shed light on whether and to what extent Mr. Adelson has exerted an influence over federal policy related to his business interests.

### *White House Communications FOIAs*

10.      On November 19, 2018, American Oversight submitted FOIA requests to Commerce, State, and Treasury seeking the following records:

> All email communications (including emails, email attachments, calendar entries and invitations) between any [of a set of specified agency officials] and the White House—including Jared Kushner and anyone with an email address ending in @who.eop.gov or @ovp.eop.gov—related to Sheldon Adelson (including his businesses, the Las Vegas Sands and the Venetian) or casinos (including prospective casinos, casino-related lobbying, tax interests of the casino industry, and casino licenses). This request includes all prior messages (whether incoming or outgoing) reflected in the responsive correspondence and any attachments thereto.

11.      American Oversight requested that each agency provide all responsive records from January 20, 2017, through the date of the search.

12.     Commerce assigned the White House Communications FOIA tracking number DOC-IOS-2019-000283 and granted American Oversight's request for a waiver of processing fees.

13.     American Oversight has received no further communications from Commerce regarding the White House Communications FOIA.

14.     By letter dated January 30, 2019, State acknowledged the White House Communications FOIA and assigned it tracking number F-2019-01478.

15.     American Oversight has received no further communications from State regarding the White House Communications FOIA.

16.     By letter dated November 21, 2018, Treasury acknowledged the White House Communications FOIA and assigned it tracking number 2018-11-095.

17.     American Oversight has received no further communications from regarding the Treasury White House Communications FOIA.

### *Adelson Communications FOIAs*

18.     On November 19, 2018, American Oversight submitted FOIA requests to State and Treasury seeking the following records:

> All email communications (including emails, email attachments, calendar entries and invitations) between any of the [specified] agency officials . . . and Sheldon Adelson or anyone acting on his behalf, including **but not limited to** [a specified list of] individuals and entities . . . . This request includes all prior messages (whether incoming or outgoing) reflected in the responsive correspondence and any attachments thereto.

19.     American Oversight requested that State and Treasury each provide all responsive records from January 20, 2017, through the date of the search.

20.     By letter dated January 30, 2019, State acknowledged the Adelson Communications FOIA and assigned it tracking number F-2019-01481.

21.     American Oversight has received no further communications from State regarding the Adelson Communications FOIA.

22.     By letter dated November 21, 2018, Treasury acknowledged the Adelson Communications FOIA and assigned it tracking number 2018-11-097.

23.     American Oversight has received no further communications from Treasury regarding the Adelson Communications FOIA.

### *State Adelson Meeting FOIA*

24.     On November 19, 2018, American Oversight submitted a FOIA request to State seeking the following records:

> All records regarding the following meeting reported in press, including any calendar entries, written communications about the meeting, agenda, list of attendees, minutes, summaries, handwritten notes, or materials exchanged during the meeting:
> - Dinner at the White House with President Trump, Sheldon and Miriam Adelson, Jared Kushner, and Secretary of State Rex Tillerson, Thursday February 9, 2017

25.     American Oversight provided references to news articles regarding this reported meeting.[1]

26.     By letter dated January 30, 2019, State acknowledged the State Adelson Meeting FOIA and assigned it tracking number F-2019-01483.

---

[1] *See* Robert Costa, *Sheldon Adelson to Have Dinner With Trump, Adviser Says*, WASH. POST, Feb. 9, 2017, https://www.washingtonpost.com/news/post-politics/wp/2017/02/09/adelsons-to-meet-with-trump-for-dinner-source-says/?utm_term=.39124f2aafec; Justin Elliott, *Trump's Patron-in-Chief*, PROPUBLICA, Oct. 20, 2018, https://features.propublica.org/trump-inc-podcast/sheldon-adelson-casino-magnate-trump-macau-and-japan/.

27.     American Oversight has received no further communications from State regarding the State Adelson Meeting FOIA.

### *Treasury Adelson Meeting FOIA*

28.     On November 19, 2018, American Oversight submitted a FOIA request to Treasury seeking the following records:

> All records regarding the following meeting appearing on Secretary Mnuchin's publicly released calendar, including any calendar entries, written communications about the meeting, agenda, list of attendees, minutes, summaries, handwritten notes, or materials exchanged during the meeting:
> - Meeting with Sheldon Adelson, Wed, July 19, 2017 from 5:30 PM – 6:00 PM

29.     American Oversight provided a citation and hyperlink to the relevant calendar entry.[2]

30.     By letter dated November 21, 2018, Treasury acknowledged the Treasury Adelson Meeting FOIA and assigned it tracking number 2018-11-098.

31.     American Oversight has received no further communications from Treasury regarding the Treasury Adelson Meeting FOIA.

### *Exhaustion of Administrative Remedies*

32.     As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

---

[2] U.S. Department of the Treasury, *Calendar of Treasury Secretary Mnuchin, July 2017 to September 2017* at 6, https://www.treasury.gov/FOIA/Documents/Secretary%20Mnuchin%27s%20Calendar%20July%202017%20-%20September%202017_FINAL.pdf.

33.     Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

34.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35.     American Oversight properly requested records within the possession, custody, and control of Defendants.

36.     Defendants are subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

37.     Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

38.     Defendants' failure to conduct an adequate search for responsive records violates FOIA and the agencies' regulations.

39.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

40.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41.     American Oversight properly requested records within the possession, custody, and control of Defendants.

42.     Defendants are subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

43.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

44.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

45.     Defendants' failure to provide all non-exempt responsive records violates FOIA and the agencies' regulations.

46.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive

to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive

records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records

responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and

other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C.

§ 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.


Dated: May 6, 2019                                     Respectfully submitted,

                                                       */s/ Cerissa Cafasso*
                                                       Cerissa Cafasso
                                                       D.C. Bar No. 1011003
                                                       */s/ Katherine M. Anthony*
                                                       Katherine M. Anthony
                                                       MA Bar No. 685150*
                                                       *Pro hac vice* motion to be submitted
                                                       AMERICAN OVERSIGHT
                                                       1030 15th Street NW, B255
                                                       Washington, DC 20005
                                                       (202) 897-3918
                                                       cerissa.cafasso@americanoversight.org
                                                       katherine.anthony@americanoversight.org

                                                       *Member of the MA bar only; practicing in the
                                                       District of Columbia under the supervision of
                                                       members of the D.C. Bar while application for
                                                       D.C. Bar membership is pending.

                                                       *Counsel for Plaintiff*