IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 19-1301 (TNM) |
| ) | |
| U.S. DEPARTMENT OF COMMERCE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, the U.S. Department of Commerce ("Commerce"), U.S. Department of State ("State"), and U.S. Department of the Treasury ("Treasury") (collectively, "Defendants"), by and through undersigned counsel, hereby answer the allegations in the corresponding enumerated paragraphs in the Complaint (ECF No. 1) as follows:

### COMPLAINT[1]

1. Paragraph 1 contains Plaintiff's characterization of this Freedom of Information Act ("FOIA") action, to which no response is required.

### JURISDICTION AND VENUE

2. This paragraph sets forth a legal conclusion regarding jurisdiction to which no response is required.

3. This paragraph sets forth a legal conclusion regarding venue to which no response is required.

---

[1] For ease of reference, the Answer refers to the headings listed in the Complaint. Defendants have not responded to those headings on the understanding that the headings are not factual allegations. To the extent a response is required to the headings, Defendants deny them.

4. This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required.

## PARTIES

5. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

6. Defendant Commerce admits that it is a federal agency within the meaning of FOIA. The remainder of paragraph 6 consists of legal conclusions to which no response is required.

7. Defendant State admits that it is a federal agency within the meaning of FOIA. The remainder of paragraph 7 consists of legal conclusions to which no response is required.

8. Defendant Treasury admits that it is a federal agency within the meaning of FOIA. The remainder of paragraph 8 consists of legal conclusions to which no response is required.

## STATEMENT OF FACTS

9. Defendants admit that they each received a FOIA request from American Oversight on November 19, 2018. The remainder of Paragraph 9 contains Plaintiff's characterization of this action to which no response is required and Plaintiff's characterization of various FOIA requests which speak for themselves and are the best evidence of their content. Defendants respectfully refer the Court to the text of those FOIA requests for a full and accurate statement of their content.

*White House Communications FOIAs*

10. Defendants admit that they each received a FOIA request from American Oversight dated November 19, 2018. The remaining allegations in this paragraph consist of Plaintiff's characterization of its November 19, 2018, FOIA requests to Commerce, State, and Treasury, to which no response is required. Plaintiff's FOIA requests are the best evidence of their contents.

11. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests. Defendants respectfully refer the Court to the FOIA requests for a full and complete description of their contents.

12. Admit.

13. Admit.

14. Admit.

15. State admits that it has not yet engaged in further communication with Plaintiff regarding the processing of its FOIA request.

16. Admit that via email transmitted on November 21, 2018, Treasury sent a letter acknowledging receipt of four FOIA requests submitted by American Oversight, including the "White House Communications FOIA" described in paragraph 10. Further admit that Treasury assigned the White House Communications FOIA tracking number 2018-11-095.

17. Admit that Treasury has not sent any further communications to American Oversight regarding this request.

*Adelson Communications FOIAs*

18. State and Treasury admit that they each received a FOIA request from American Oversight dated November 19, 2018. The remaining allegations in this paragraph consist of Plaintiff's characterization of its November 19, 2018, FOIA requests to State and Treasury, to which no response is required. Plaintiff's FOIA requests are the best evidence of their contents.

19. Admit.

20. Admit.

21. State admits that it has not yet engaged in further communication with Plaintiff regarding the processing of its FOIA request.

22. Admit that via email transmitted on November 21, 2018, Treasury sent a letter acknowledging receipt of four FOIA requests submitted by American Oversight, including the "Adelson Communications FOIA" described in paragraph 18. Further admit that Treasury assigned the Adelson Communications FOIA tracking number 2018-11-097.

23. Admit that Treasury has not sent any further communications to American Oversight regarding this request.

*State Adelson Meeting FOIA*

24. State admits that it received a FOIA request from American Oversight on November 19, 2018. The remaining allegations in this paragraph consist of Plaintiff's characterization of its November 19, 2018, FOIA request to State, to which no response is required. Plaintiff's FOIA request is the best evidence of its contents.

25. Admit.

26. Admit.

27. State admits that it has not yet engaged in further communication with Plaintiff regarding the processing of its FOIA request.

*Treasury Adelson Meeting FOIA*

28. Treasury admits that it received a FOIA request from American Oversight dated November 19, 2018. The remaining allegations in this paragraph consist of Plaintiff's characterization of its November 19, 2018, FOIA request to Treasury, to which no response is required. Plaintiff's FOIA request is the best evidence of its contents.

29. The allegations in this paragraph consist of Plaintiff's characterization of its November 19, 2018, FOIA request to Treasury, to which no response is required. Plaintiff's FOIA request is the best evidence of its contents.

30. Admit that via email transmitted on November 21, 2018, Treasury sent a letter acknowledging receipt of four FOIA requests submitted by American Oversight, including the "Treasury Adelson Meeting FOIA" described in paragraph 28. Further admit that Treasury assigned the Treasury Adelson Meeting FOIA tracking number 2018-11-098.

31. Admit that Treasury has not sent any further communications to American Oversight regarding this request.

*Exhaustion of Administrative Remedies*

32. Defendants admit that, as of the date of the complaint, a final determination had not yet been made on the FOIA requests American Oversight submitted to Commerce, State, and Treasury. The remaining allegations of this paragraph consist of Plaintiff's characterization of this action and legal conclusions to which no response is required.

33. The allegations in this paragraph consist of legal conclusions to which no response is required.

## COUNT I

34. Defendants repeat and incorporate by reference their responses in the foregoing paragraphs above as if fully set forth herein.

35. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests and legal conclusions to which no response is required.

36. The allegations in this paragraph consist of legal conclusions to which no response is required.

37. The allegations in this paragraph consist of legal conclusions to which no response is required.

38.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent an answer is deemed necessary, denied.

39.     The allegations in this paragraph consist of Plaintiff's characterization of its action and legal conclusions to which no response is required. To the extent an answer is deemed necessary, denied.

## COUNT II

40.     Defendants repeat and incorporate by reference their responses in the foregoing paragraphs above as if fully set forth herein.

41.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests and legal conclusions to which no response is required.

42.     The allegations in this paragraph consist of legal conclusions to which no response is required.

43.     The allegations in this paragraph consist of Plaintiff's characterization of its action and legal conclusions to which no response is required. To the extent an answer is deemed necessary, denied.

44.     The allegations in this paragraph consist of Plaintiff's characterization of its action and legal conclusions to which no response is required. To the extent an answer is deemed necessary, denied.

45.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent an answer is deemed necessary, denied.

46.     The allegations in this paragraph consist of Plaintiff's characterization of its action and legal conclusions to which no response is required. To the extent an answer is deemed necessary, denied.

REQUESTED RELIEF

The remainder of the Complaint consists of a "WHEREFORE" clause with five subparts containing Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

Defendants deny each and every allegation in the Complaint that has not been expressly admitted in this Answer.

**AFFIRMATIVE DEFENSES**

Without waiving, limiting, modifying or amending the foregoing, Defendants assert the following additional and affirmative defenses, in the alternative where appropriate, and to the extent the pleadings and the evidence so indicate.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's FOIA requests seek certain matters that are not "agency records"; therefore, the Court lacks subject matter jurisdiction to compel the agency to produce such matters.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's FOIA request seeks certain matters that are not "agency records"; therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to such matters.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's failure to exhaust administrative remedies with respect to one or more of their claims precludes judicial review over those claims.

FOURTH AFFIRMATIVE DEFENSE

Some of the information contained in the records sought by Plaintiff is exempt from disclosure under one or more exemptions of FOIA, 5 U.S.C. § 552, subparagraph (b), which will

be identified in greater detail when Defendants complete their search and review of records that may be responsive to Plaintiff's FOIA requests.

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to them throughout the course of this litigation, including to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

Dated:  June 7, 2019                                   Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:     */s/ Jason T. Cohen*
JASON T. COHEN, ME Bar #004465
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2523
Fax: (202) 252-2599
Email: jason.cohen@usdoj.gov